CASE 86—AGREED CASE—FEB. 16.

## City of Somerset v. Smith.

APPEAL FROM PULASKI CIRCUIT COURT.

1. CONSTITUTIONAL LAW—MUNICIPALITIES—FRANCHISES.—Under sec. 164 of the Constitution providing that "No county, city, town, taxing district or other municipality shall be authorized or permitted to grant any franchise or privilege, or make any contract in reference thereto, for a term exceeding twenty years." * * * * a contract for a twenty-year franchise to begin in the future is void.

2. MUNICIPAL CORPORATIONS—CITIES OF THE SIXTH CLASS—QUORUM.— Under the charter of cities of the fourth class the mayor is not

counted in determining whether or not a quorum is present. Three of a membership of six, with the mayor, do not constitute a quorum.

JAMES DENTON, FOR THE APPELLANT.

1. Contract void because the council failed to approve, and **mayor** to sign the record. Ky. Stats., sec. 3503.
2. The contract void because made for more than twenty years. Con., sec. 164.
3. Contract void because of no estimate of costs. Ky. Stats., sec. 3585, 3580.
4. Contract void because mayor and three councilmen do not compose a quorum. Ky. Stats., secs. 3484, 3482, 3502, 3485, 3550, 3570, 3271, 3294; Con., secs. 160, 35, 37, 83.

CURD & SMITH, ALSO FOR THE APPELLANTS.

1. On failure to sign and approve the minutes. Ky. Stats., sec. 3503.
2. The contract was made to commence in the future. Con., sec. 164.
3. The council made no estimate of the costs before letting the contract. Ky. Stat., secs. 358, 385.
4. On the question of no quorum. Ky. Stats., secs. 3482, 3499, 3484, 3486, 3503.

O. H. WADDLE, FOR THE APPELLEE.

1. The contract introduced is not invalid because of the failure of the succeeding council to approve and the mayor to sign the record of the meeting at which the contract was ratified and the mayor directed to sign it for and on behalf of the city.
2. The contract is not invalid because the twenty years' franchise embodied therein is made to commence in *futuro*.
3. Section 3585 of the Kentucky Statutes is not applicable to a contract of the character of the one in contest.
4. The mayor and three councilmen in cities of the fourth class having only six councilmen, constitute a quorum to do business.
    Citations: Ky. Stats., secs. 3482, 3484, 3486, 3503, 3585, 3587; 17 Am. & Eng. Ency. of Law, 240; Con., sec. 164; Cooley on Con. Lim., p. 243, note 1; 15 Am. & Eng. Ency. of Law, p. 1030, note 2.

City of Somerset v. Smith.

JUDGE WHITE DELIVERED THE OPINION OF THE COURT.

This is an agreed case, brought to test the validity of a contract entered into, or attempted to be made, between the city of Somerset and appellee for a franchise and privilege of an electric light and power plant in the city of Somerset. The agreed facts present an ordinance or resolution passed by the council at a regular meeting in August, 1897. This resolution provides for a public letting of a franchise privilege for the period of twenty years, beginning at the expiration or termination of a contract then in existence, made in 1890, for the period of ten years. There are many provisions of the resolution about the letting, acceptance, ratification, and completion of the contract, the bonds and deposits required of the successful bidder, as well as the manner of construction of the plant, and its conduct and management. The agreed facts show that the franchise was let as required, and appellee, Smith, was the best bidder, and it was stricken off to him. This action was reported to a meeting of the council, composed of three members and the mayor (the other members of the board, three in number, not being present), in December, 1897. The council, so composed of the three members and the mayor, ratified and approved the letting, and made the contract with appellee, as the resolution provided. It is agreed that the minutes of this meeting and of this action of the council were correctly drawn by the clerk of the council, and appear on the minute book, but were never formally approved and signed by the mayor, for the reason that at the next regular meeting, in January, 1898, the council by a vote of four to three, refused so to do. A new mayor had come into office in the meantime, and he cast his vote against approval after the tie. The circuit court,

on these agreed facts, adjudged that the contract was legal and binding, and from that judgment this appeal is prosecuted.

The city of Somerset is of the fourth class, and its charter is contained from sections 3481 to 3606, both inclusive, of the Kentucky Statutes.

By section 164 of the Constitution it is provided: "No county, city, town, taxing district or other municipality shall be authorized or permitted to grant any franchise or privilege, or make any contract in reference thereto, for a term exceeding twenty years."

It is contended that this contract is void, because in conflict with this constitutional provision. In this we concur. The franchise or privilege is said to be for only twenty years from its beginning, and that it begins when the present contract expires or is terminated. The present contract expires in 1900, and although it is provided that this privilege or franchise may begin before that date, and then extend only twenty years, yet the contract made is for more than twenty years, as it did not begin on the day of the ratification of the contract, but it is expressly postponed to some future date. Whatever may be said about the franchise, this is certainly a contract in reference to a franchise, and the term contracted for exceeds the constitutional limit.

It is also contended that the contract is illegal because it was not made by a majority of the board of council, there being in Somerset six councilmen and a mayor. In this contention we also concur. Section 3482, Kentucky Statutes, provides: "The corporate powers of each city shall be divided into a legislative, executive and judicial department, and neither of said departments shall exercise any powers properly belonging to either of the others,

except as herein provided." Section 3484 provides: "The legislative powers shall be vested in a mayor, and not less than six nor more than twelve councilmen." Section 3485 provides for the election of the members of the board of council by the voters of the wards for which they stand. Section 3486 provides: "The mayor shall be chairman of the board, and in his absence a mayor and chairman *pro tempore* shall be elected from the members. . . . A majority shall be a quorum of the board with power to act, and in the absence of a quorum two members shall have power to adjourn from time to time until a quorum is secured." Section 3502 provides: "The mayor or chief executive shall preside at all meetings of the board of council, and decide all points of order. He shall only vote in case of a tie. He may call special sessions of the board of council by reasonable notice, whenever in his judgment it may be necessary, and he shall do so upon the written request of four members of the council." By section 3503 he is given the power of veto. It seems to us clear that, while the mayor is designated as chairman of the board, and may vote when there is a tie, he is not to be considered a member of the board, in estimating a quorum for the transaction of business. This section providing for a quorum means, necessarily, a majority of the members of the council, elected as such, and does not include the mayor, who is called the "chief executive." It therefore becomes unnecessary to decide the question of the approval of the minutes, as the action taken by less than a quorum is not binding.

For the reasons indicated, the judgment is reversed, and the cause remanded for judgment in accordance with this opinion.