FIELD *v.* BARBER ASPHALT PAVING COMPANY.

BARBER ASPHALT PAVING COMPANY *v.* FIELD.

APPEALS FROM THE CIRCUIT COURT OF THE UNITED STATES FOR
THE WESTERN DISTRICT OF MISSOURI.

Nos. 201, 202. Argued April 11, 1904.—Decided May 31, 1904.

Where there are allegations of diverse citizenship in the bill, but the juris-
diction of the Circuit Court is also invoked on constitutional grounds the
case is appealable directly to this court under § 5 of the act of March 3,
1891, as one involving the construction or application of the Constitution
of the United States, and where both parties have appealed the entire
case comes to this court, and the respondent's appeal does not have to
go to the Circuit Court of Appeals.

It is not the purpose of the Fourteenth Amendment to prevent the States
from classifying the subjects of legislation and making different regula-
tions as to the property of different individuals differently situated. The
provision of the Federal Constitution is satisfied if all persons similarly
situated are treated alike in privileges conferred or liabilities imposed.

The provision in § 5989, Rev. Stat. of Missouri, that certain improvements
are not to be made if a majority of resident owners of property liable to
taxation protest, is not unconstitutional because it gives the privilege
of protesting to them and not to non-resident owners.

Only such acts as directly interfere with the freedom of interstate com-
merce are prohibited to the States by the constitution, and the Sher-
man Act of July 2, 1890, is not intended to affect contracts which have
only a remote and indirect bearing on commerce between the States.
The specification in an ordinance, not invalid under the laws of the State,
that a particular kind of asphalt produced only in a foreign country does
not violate any Federal right.

Although the agent of the company obtaining a paving contract may have
been active and influential in obtaining signatures to the petition, in the
absence of proof of fraud and corruption, the levies will not be set aside
after the improvement has been completed.

The necessity for an improvement of streets is a matter of which the proper
municipal authorities are the exclusive judges and their judgment is not
to be interfered with except in cases of fraud or gross abuse of power.

THESE cases are appeals from the decree of the Circuit Court
of the United States for the Western District of Missouri.

Richard H. Field, as owner of certain lands abutting on Main street, Baltimore avenue and Wyandotte street in Westport, Missouri, which city was then a suburb, and has since become a part, of Kansas City, filed a bill of complaint against the paving company. The relief sought was against certain tax bills, issued to pay for the paving of the above-named streets, held by the defendant company, and to have the same declared void because (1) the act under which they were assessed violated the Fourteenth Amendment to the Constitution of the United States; (2) that the paving in question was unnecessary and the contract for the same was the result of undue and illegal influence on the part of the agents of the defendant company exercised upon the board of aldermen of the city of Westport; (3) that the contracts for the paving required the same to be constructed of Trinidad Lake asphalt, thereby cutting off competition with other kinds of asphalt suitable for street paving; (4) that the proceedings and agreements by which such asphalt was designated in the resolutions, ordinances and rules for the construction of said pavements were in violation of the interstate commerce clause of the Constitution of the United States (Art. 1, sec. 8); and (5) that the said resolutions, ordinances and contracts and the action of the defendant company in securing the same were in violation of the Federal Anti-Trust Act of July 2, 1890.

Upon the trial, the Circuit Court held against the prayer of the complainant for relief upon the Federal grounds alleged, but, holding that the paving of Wyandotte street was unnecessary, granted the prayer of the bill as to the tax bills issued for work done on that street, and dismissed the bill as to the other two streets.

From so much of the decree as held the tax bills for the work done on Wyandotte street invalid the paving company also appealed. (Case No. 202.)

*Mr. Richard H. Field*, attorney in person, for appellant in No. 201, and appellee in No. 202.

*Mr. William C. Scarritt,* with whom *Mr. John K. Griffith, Mr. Elliott H. Jones* and *Mr. Edward L. Scarritt* were on the brief, for appellee in No. 201, and appellant in No. 202.

Mr. Justice Day, after making the foregoing statement, delivered the opinion of the court.

A motion was filed by the appellant to dismiss the appeal of the paving company, which was postponed to the hearing of these appeals upon the merits. An examination of the motion and a consideration of the briefs filed and arguments made in support of and in opposition to the same leads us to the conclusion that it cannot be sustained. The appellant appealed directly to this court; for while there was an allegation of diverse citizenship in the bill, jurisdiction was also invoked on the constitutional grounds above stated. This made the case appealable directly to this court under section 5 of the act of March 3, 1891, 1 Comp. Stat. U. S. 549, as one which "involves the construction or application of the Constitution of the United States."

The contention is that the prayer of the complainant on the constitutional grounds having been denied, the appeal of the respondent should have been to the Circuit Court of Appeals. But we cannot agree to this view. There was no cross bill filed in the case and none was required. The bill of complaint contained allegations sufficient to make a case of alleged violation of constitutional rights. It is well settled that in such cases the entire case may be brought to this court by the appeal. In *Holder* v. *Aultman,* 169 U. S. 81, 88, discussing the act of March, 1891, Mr. Justice Gray said:

"Upon such a writ of error, differing in these repects from a writ of error to the highest court of a State, the jurisdiction of this court does not depend upon the question whether the right claimed under the Constitution of the United States has been upheld or denied in the court below; and the jurisdiction of this court is not limited to the constitutional question, but

includes the whole case. *Whitten* v. *Tomlinson*, 160 U. S. 231, 238; *Penn. Ins. Co.* v. *Austin*, 168 U. S. 685." *Loeb* v. *Columbia Township Trustees*, 179 U. S. 472. See also *Chappell* v. *United States*, 160 U. S. 499, 509; *Horner* v. *United States*, *No. 2*, 143 U. S 570, 577.

If, therefore, the whole case can come to this court by direct appeal under the allegations of this bill, and if all the questions, Federal or otherwise, may come up on such appeal, it must follow that either party aggrieved by the decision may appeal, and in this case the complainant appealing, a cross appeal may be sued out by the defendant as to the matters decided in the same case against him. If he fails to take such appeal the correctness of the decision as against him will be presumed. *Mail Company* v. *Flanders*, 12 Wall. 130; *Chittenden* v. *Brewster*, 2 Wall. 191, 196.

The motion to dismiss the cross appeal must be denied.

Coming to the merits of the case, the grounds of Federal relief will first be considered. It is claimed that certain sections of the act of the general assembly of Missouri, which make the tax bills levied to pay the contract price for the paving a lien upon the complainant's real estate, deprive him of his property without due process of law, and deny to him the equal protection of the laws. This argument is predicated on section 5989 of the Revised Statutes of Missouri.

The exact point of objection is that the improvement is not to be made if a majority of the resident owners of the property liable to taxation therefor shall file with the city clerk a protest against such improvement, which privilege of protest is not given to non-resident owners, thereby discriminating against them. It is well settled, however, that not every discrimination of this character violates constitutional rights. It is not the purpose of the Fourteenth Amendment, as has been frequently held, to prevent the States from classifying the subjects of legislation and making different regulations as to the property of different individuals differently situated. The provision of the Federal Constitution is satisfied if all

persons similarly situated are treated alike in privileges conferred or liabilities imposed. *Kentucky Railroad Tax Cases,* 115 U. S. 321; *Hayes* v. *Missouri,* 120 U. S. 68; *Magoun* v. *Illinois Trust & Savings Bank,* 170 U. S. 283; *Gulf, Colorado & Santa Fé Railroad* v. *Ellis,* 165 U. S. 150. The alleged discrimination is certainly not an arbitrary one; the presence within the city of the resident property owners, their direct interest in the subject matter and their ability to protest promptly if the means employed are objectionable, place them on a distinct footing from the non-residents whom it may be difficult to reach. Furthermore, there is no discrimination among property owners in taxing for the improvement. When the assessment is made it operates upon all alike. It has been held to be within the power of the legislature of Missouri to authorize the council to order the improvement to be made without consulting property owners. *Buchan* v. *Broadwell,* 88 Missouri, 31. If the legislature saw fit to give to those most directly interested and whose consent could be most readily obtained, the right to protest, such action did not deprive other persons of rights guaranteed by the Constitution.

Further objection on Federal grounds is urged, in that the specification of Trinidad Lake asphalt for this improvement is in violation of the interstate commerce clause of the Constitution of the United States, and of the so-called Sherman Act of July, 1890. The right to provide for this paving was vested by the Missouri statute in the board of aldermen. The right to select the material for the paving was vested in that body; they saw fit to choose Trinidad Lake asphalt for the paving. Their right so to do, under the charter powers of such cities as Westport, notwithstanding competitive bidding is thereby rendered impossible, has been sustained by the Supreme Court of Missouri. *Barber Asphalt Paving Co.* v. *Hunt,* 100 Missouri, 22; *Warren* v. *Paving Co.,* 115 Missouri, 572; *Verdin* v. *St. Louis,* 131 Missouri, 26. With the wisdom of this choice the courts have nothing to do, and in this case we are only concerned to inquire as to the alleged violation of Federal rights

in such selection. The argument is that Trinidad Lake asphalt, being a product of a foreign country and brought into Missouri, and there being other deposits in other States within the United States from which suitable asphalt could be had, the specification of this kind of asphalt is an interference with and a regulation of interstate commerce, in violation of the exclusive right of Congress conferred by the Constitution. It is unnecessary to cite largely from cases in this court, which hold that only such acts as directly interfere with the freedom of interstate commerce are prohibited to the States, *Kidd* v. *Pearson*, 128 U. S. 1, in which case, Mr. Justice Lamar, speaking for the court, said (p. 23): "As has been often said legislation [by a State] may in a great variety of ways affect commerce and persons engaged in it, without constituting a regulation of it within the meaning of the Constitution." *Pennsylvania R. R. Co.* v. *Hughes*, 191 U. S. 477, and cases cited in the opinion. The right of a State in the exercise of the police power to make regulations which indirectly affect interstate commerce has been frequently sustained. In the present case it may be that the use of this kind of asphalt, under municipal authority conferred by the State, will in a limited degree affect interstate commerce, but it certainly is not one of those direct interferences with the power over and express control of the subject given by the Constitution to Congress. In this day of multiplied means of intercourse between the States there is scarcely any contract which cannot in a limited or remote degree be said to affect interstate commerce. But it is only direct interferences with the freedom of such commerce that bring the case within the exclusive domain of Federal legislation.

The attempt to invoke the provisions of the Sherman Act in this case is equally unavailing. That act has been recently considered in the *Northern Securities* cases, decided at this term, and its construction and the nature of the remedies under it determined. It is not intended to affect contracts which have a remote and indirect bearing upon commerce

between the States.  *Hopkins* v. *United States*, 171 U. S. 578; *Addyston Pipe Co.* v. *United States*, 175 U. S. 211.

In addition to the ground by which Federal jurisdiction was established in the courts below, it is alleged that the tax bills should be held void because they were obtained by undue influence of the agents of the paving company, improperly exercised to obtain the needed municipal action.  The court below held, and an examination of the testimony has brought us to the same conclusion, that there was nothing in the case to establish the charges of fraud and corruption, although the record does show that an agent of the defendant company was active and perhaps influential in obtaining signatures to the petition which specified Trinidad Lake asphalt for this improvement; yet in the absence of proof of fraud or corruption we do not think the contract and resulting levies can be set aside for this reason.  It is one thing to disapprove of such measures as a matter of propriety of action, but quite another to set aside a contract, especially after the full performance of its terms.

Upon the cross appeal, the learned judge in the court below held that the Wyandotte street tax bills were void, because that street had been previously paved with macadam in the years 1892–1893, four or five years before the asphalt paving was laid, which macadam he found to be in good condition, and but little worn.  The effect of this decree was while finding against complainant as to the allegations of fraud and collusion in obtaining the contract, to hold that, in the opinion of the trial judge, the repaving of Wyandotte street was unnecessary.  We think this conclusion overlooks the fact that the power to construct, improve and pave streets was vested by the law of Missouri, as it generally is, in the board of aldermen.  (Laws of Missouri, 1895, 65, § 85 to § 95, inclusive.)  The necessity of such improvements is a matter of which they are the exclusive judges, and their judgment is not to be interfered with by the courts, except in cases of fraud or gross abuse of power.  This power of the city board is a continuing

one, and the mere fact that a pavement has been once laid does not require the interference of the courts when the governing body of the city, in the exercise of its judgment, has determined that the necessity for repaving has arisen. The law has vested this power in the representatives of the city and the courts are not at liberty to determine whether the judgment is exercised wisely or unwisely. If this were not so, a contractor, who acts under the direction and because of the action of the city authorities in determining the necessity of an improvement, must lose his compensation, if, upon the suit of a property owner, the courts shall take a different view of the necessity of the improvement. In other words, the contractor, though acting in good faith and complying in all respects with his agreement, lawfully made, must abide the judgment of the courts as upon appeal from the tribunal solely empowered by law to pass upon the necessity of the improvement, and to make the necessary contracts to carry it out.

As we have said, there may be cases of fraud or arbitrary abuse of power, when the courts will intervene. Under other circumstances the municipality and property owners interested are bound by the acts of their agents. The authorities amply sustain this view. 2 Dillon Mun. Corp. (4th ed.) § 686; *Wabash R. R. Co.* v. *Defiance,* 167 U. S. 88; *Skinker* v. *Heman,* 148 Missouri, 349; *Warren* v. *Paving Co.,* 115 Missouri, 572, 580.

Applying the principles settled by the authorities to the facts disclosed in this case, we do not find such evidence of fraud or gross abuse of power as would warrant the setting aside of the tax bills for this improvement. The testimony tends to show that the macadam was considerably worn; its replacement, to the extent of laying an asphalt pavement on top of it, was deemed necessary by the city authorities. It does not appear that any protest or objection was made during the progress of the work. A majority of the resident owners of lots abutting upon the part of the street to be improved had petitioned for the asphalt pavement. There is considerable

testimony tending to show that the value of abutting property was enhanced by the improvement. These and kindred matters were before the board. It is not our province to review their judgment, and we do not think the courts are authorized to interfere with the discretion vested in them in making the improvement under the circumstances shown ⸱ To hold otherwise would be, as we have said, to substitute the judgment of the court as to the expediency or necessity of making such improvement for that of the body delegated by law with the power and responsibility of action in the premises.

The court below, having properly held that the case alleged must fail on the other grounds, should have regarded the judgment of the board of aldermen as to the necessity of repaving Wyandotte street as conclusive upon it. The conclusion reached renders it unnecessary to consider whether the complainant, having failed to protest or object to the work before it was begun or during its progress, can be heard in a court of equity to object to the tax bills assessed for the benefit of the contractor after the work is completed in compliance with the contract.

We think the court below erred in adjudging the tax bills on Wyandotte street to be void, and so much of the decree is reversed with costs, the decrée as to the other streets is affirmed, and the case remanded to the court below with instructions to dismiss the bill.