## Hamilton v. Bastin Brothers.

(Decided September 17, 1920.)

### Appeal from Garrard Circuit Court.

1. Municipal Corporations—Grant of Franchise for Use of Streets.— A municipality in this Commonwealth is forbidden by section 164 of the Constitution to grant any franchise or privilege for the use of its streets or highways for a period longer than twenty years and this provision is mandatory, rendering any franchise granted for a period longer than twenty years void as an entirety and in such case the franchise can not be held valid for the constitutional period and invalid only as to the excess.

2. Municipal Corporations—Grant of Franchise for Lighting Plant— Constitutional Law.—Neither can the constitutional provision be evaded by adding to the twenty year period the time necessary for the construction of the plant to be operated under the franchise, since such period of construction is as much of an exercise of the franchise as is the operation of the plant after it is constructed and must be included within the twenty years.

3. Municipal Corporations—Grant of Franchise for Lighting Plant— Constitutional Law.—An ordinance creating a franchise and containing therein the terms of a contract for the operation of an electric light plant within a city, passed September 23, 1916, and providing for the commencement of the work within thirty days

after the passage of the ordinance and extending the franchise privilege twenty years from and after July 1, 1917, contravenes the twenty year period, provided in section 164 of the Constitution, and renders the attempted granting of the franchise as well as the contract therein contained null and void.

R. H. TOMLINSON for plaintiff.

L. L. WALKER for defendant.

OPINION OF THE COURT BY JUDGE THOMAS—Overruling motion for injunction.

On September 4, 1916, the board of council of the city of Lancaster duly passed an ordinance authorizing and directing the mayor of the city to advertise and sell, according to law, a franchise for the purpose of constructing and operating an electric lighting system within the city. By the terms of the ordinance the sale of the franchise was fixed at one o'clock p. m., September 23, 1916, in front of the court house door. The defendants, Bastin Brothers, being the highest and best bidders, their bid was on the night of that day submitted by the mayor to the board of council, then in meeting, and the board passed an ordinance creating the franchise, accepting the bid of defendants, as reported by the mayor, and incorporating in the ordinance passed at that time a contract with the bidders for the construction and operation of a lighting plant in the city throughout the period of the franchise. Afterwards the system was constructed and put into operation. Some time prior to April 26, 1920, and while the plant was a going concern, there arose a controversy between Bastin Brothers and the city with reference to the rates specified in the ordinance of September 23, 1916, and on the date mentioned (April 26, 1920), defendants served written notice on the city that they would on August 1, 1920, proceed to dismantle their plant and discontinue the operation of it. This suit was thereafter filed by plaintiff, James I. Hamilton, against Bastin Brothers and the city of Lancaster as defendants in which plaintiff sought an injunction to prevent defendants from dismantling and discontinuing the operation of their plant. Defendants, Bastin Brothers, answered, making their pleadings a cross-petition against their co-defendant, the city of Lancaster, and among other things pleaded that they

were using the streets and operating their plant without a valid franchise and that they had the right at any time to dismantle and discontinue it. The judge of the circuit court upon the hearing of the motion, made upon notice, sustained the contention of defendants and held that the ordinance authorizing the sale of the franchise and the one creating it and embodying the contract between the parties, each violated the provisions of section 164 of the Constitution and were therefore void and vested no right in the defendants and that they had the right to discontinue operation of the plant and to dismantle it and the injunction was therefore denied. Plaintiff has made motion before the writer of this opinion, a member of the Court of Appeals, pursuant to the provisions of section 296 of the Civil Code, as amended, to review the decision of the circuit judge and grant the injunction as prayed for.

So much of section 164 of the Constitution as relates to the question involved says: "No county, city, town, taxing district or other municipality shall be authorized or permitted to grant any franchise or privilege, or make any contract in reference thereto, for a term exceeding twenty years." This court has frequently and consistently held that all of the provisions of section 164 of the Constitution, including that portion above quoted, are mandatory and can not be evaded or disregarded in any material particular. Nicholasville Water Co. v. Board of Councilmen of the Town of Nicholasville, 18 Ky. L. R. 592; City of Somerset v. Smith, 105 Ky. 678; City of Providence v. Providence Electric Light Co., 122 Ky. 237; Merchants' Police and District Tel. Co. v. Citizens Tel Co., 123 Ky. 90; Hilliard v. Fetter Lighting and Heating Co., 127 Ky. 95; Christian-Todd Tel. Co. v. Commonwealth, 156 Ky. 557; City of Princeton v. Princeton Electric Light and Power Co., 166 Ky. 730, and many other cases found in the notes to the section of the Constitution under consideration. The same cases hold that any material violation or effort at evasion by the municipality in granting a franchise of the terms of the section of the Constitution under consideration renders the entire proceedings void and ineffective so far as conferring any rights or privileges upon the alleged purchaser or his assignee and renders him a trespasser *ab initio.* It therefore becomes necessary to inquire whether the city of Lancaster in creating the franchise or in making

its contract with defendants, complied with or violated any of the provisions of section 164 of the Constitution. Subsection (2) of section VI of the ordinance authorizing the sale of the franchise (passed September 4, 1916), says:

"(2)   The purchaser of this franchise whose bid shall be accepted by the council (called company), its successor or assigns, shall have the right for the term of twenty years, beginning July 1, 1917, and ending July 1, 1937, to the use of the streets and highways and alleys as provided in section 1 herein, to furnish electricity, light, heat and power for the use of the city and the inhabitants thereof, provided the maximum prices for electric lights, heat and power so furnished shall not exceed the price herein fixed, but the right, privilege and franchise is also granted from and after the publication and adoption of this ordinance and the acceptance of the bid herein by the council for the company to use the streets, alleys and public ways of the city for the erection of poles and the swinging of wires and the laying of conduits preparatory to the furnishing of and distribution and sale of electricity in the city of Lancaster, which transmission, distribution, furnishing and sale of electricity shall begin July 1, 1917."

The title to the ordinance, passed September 23, 1916, creating the franchise and containing the contract between the parties, after stating the purpose of the ordinance, says that it shall be "for a term of twenty years from and after July 1, 1917, including the privilege of erecting the said poles and stringing the said wires for a reasonable time *prior to July 1, 1917.*" The preamble contains the substance of the quoted portion of the title. In subsection (2) of section II of the same ordinance, it is in part said: "The said H. V. Bastin (the purchaser), shall have the right for the term of twenty years, beginning July 1, 1917, and ending July 1, 1937, to use the streets and highways and alleys of the city, as provided in section 1 herein," and in subsection (3) of the same section it is provided that the purchaser shall begin the construction of his plant, including the erection of poles and stringing of wires within thirty days from and after the adoption and publication of "this ordinance granting to him this franchise."

It will thus be seen that the defendants, as purchasers of the alleged franchise, obtained a contract from the

city giving them the right and privilege of using its
streets and highways as contemplated by the ordinances
from and after the passage of the one of September 23,
1916, continuously and till July 1, 1917, and for the ad-
ditional term of twenty years thereafter, making a total
period during which their right to use the streets under
their franchise of twenty years, nine months and seven
days, which is directly violative of the constitutional
provision forbidding the granting of such a franchise
for a longer period than twenty years. Nor will the ex-
cess time over the twenty years be disregarded upon the
ground (as is insisted) that it is given the pur-
chaser of the franchise within which to construct his
plant and should not therefore be included within the
twenty year limitation, all of which period, as is insisted,
the owner of the franchise has after construction in
which to operate and reap profit from his public utility.
The error in this contention is that the twenty year
limitation in the constitutional provision is a limitation
on the *use* of the streets by the owner of the franchise
under his grant and he has the right to use the streets
and is using them while constructing his plant as com-
pletely and as effectually as he does in the operation of
his plant after it is constructed. In other words, the
constitutional provision intended to limit the utmost
period of time which the municipality could confer the
authority to use its streets and highways under its grant,
and we hold that the time necessary for the construction
of the plant should be included in and constitute a part
of that limitation. This conclusion is not in conflict with
the opinion in the case of City of Princeton v. Princeton
Electric Light and Power Co., *supra,* wherein it is stated
that ''the purchaser of a franchise should have a rea-
sonable time, before the beginning of the term of his
franchise, to prepare the necessary machinery and fix-
tures to enable him to exercise his franchise in a way
beneficial to himself and the patrons of the operations
of his franchise.'' The court in that case was dealing
with a franchise for only ten years and the reasonable
time for the construction, mentioned by it, would not
extend the enjoyment of the franchise beyond the con-
stitutional limit. On the contrary, the court in that opin-
ion, before making the quoted statement, had already
said: ''If the franchise granted to Eddins and Boyce in
1906, and the period of its exercise commencing as it

did on January 1st, 1907, had been for twenty years, as contended by appellee, instead of ten, the attempt to grant it would have been void, because the period of its termination would have been more than twenty years after its granting.''

This court in the case of City of Somerset v. Smith, *supra,* had before it substantially the question now under consideration and held that the alleged franchise and the contract made thereunder were each void. In that case the ordinance authorizing the sale of the franchise was passed in August, 1897, and it provided for the sale of a franchise for twenty years, beginning the first of 1900, nearly two years and six months after the passage of the ordinance. The sale was reported and it was ratified by the board of councilmen of the city of Somerset and a contract made by the purchaser in December, 1897. In holding the franchise void, the opinion says:

''It is contended that this contract is void, because in conflict with this constitutional provision. In this we concur. The franchise or privilege is said to be for only twenty years from its beginning, and that it begins when the present contract expires in 1900, and although it is provided that this privilege or franchise may begin before that date, and then extend only twenty years, yet the contract made is for more than twenty years, as it did not begin on the day of the ratification of the contract, but it is expressly postponed to some future date. Whatever may be said about the franchise, this is certainly a contract in reference to a franchise, and the term contracted for exceeds the constitutional limit.''

The fact that the court in that case held the franchise void for the additional reason that the ordinance creating it was not passed by a quorum of the council can not militate against the doctrine announced in the quoted portion of the opinion, since the point there decided was involved and was judicially determined.

But it is insisted that the holding of this court in the case of Schall & Company v. City of LaGrange, 176 Ky. 548, sustains the validity of the franchise here involved. But a careful reading of that opinion will demonstrate that counsel is in error in his interpretation thereof. The ordinance granting the franchise and accepting the bid in that case provided that the rights and privileges therein contained should ''continue from and after the

acceptance of the bid and ratification of the sale by said council for a period of twenty years." The contract with the bidder, entered into after the passage of that ordinance, provided that it should continue for a period of twenty years *from the date on which the plant should be put in operation,* which was stipulated in the contract to be February 1, 1912, the ordinance creating the franchise having been passed November 9, 1911. So that all the opinion held was that the contract could not extend the terms of the ordinance beyond the twenty year limitation and that its effort to do so only had the effect of invalidating the excess period provided for in the *contract* beyond that provided for *by the ordinance,* the effect of which was to make the contract valid for the period of twenty years from and after November 9, 1911. In other words, it was held that the independent contract, made subsequent to the granting of the franchise, was no part of the process by which the franchise was created and could not alter the terms of the ordinance creating and granting it. We have no such case here, since as we have seen, both ordinances under consideration, the last of which also contained the contract, provided for a period longer than twenty years.

It is lastly insisted that if it should be held that the franchise in this case extended for a longer period than that prescribed in section 164 of the Constitution, it should not be held void *in toto,* but void only as to the excess. The courts of this country are not of one accord upon this question. See 28 Cyc. 657. But this court (cases *supra*), Indiana (Gas, Light, etc., Co. v. New Albany, 156 Ind 406); Missouri (Kirkwood v. Meramac Highlands Co., 94 Mo. App. 637); Ohio (Wellston v. Morgan, 59 Ohio St. 147), and some of the inferior federal courts declare the entire franchise contract void when it exceeds the period which the municipality is authorized by the Constitution or statutes to fix.

It necessarily results, therefore, that the alleged franchise, under which the defendants were operating, conferred no right upon them to the use of the streets nor did the contract, contained in the ordinance, impose upon them the obligation to continue the operation of their plant throughout the period provided by the contract. They, therefore, had the right to abandon it at any time.

Three other members of the court considered this
motion with me and concur in the conclusions reached.
Wherefore, the motion to grant the injunction is over-
ruled.