UNION LIGHT, HEAT & POWER CO. v. RAILROAD COMMISSION OF COMMONWEALTH OF KENTUCKY et al.

(District Court, E. D. Kentucky. October 14, 1926.)

1. **Eminent domain** ⊜⇒70—Const. Amend. 5, limits powers of federal government and not of states.

Const. Amend. 5, is limitation on powers of federal government, and not on powers of respective states.

2. **Courts** ⊜⇒282(22)—Claim that orders of state commission violate due process and obligation of contracts clauses of federal Constitution gives federal court·jurisdiction to determine local and federal questions (Const. art. I, § 10, Amend. 14).

Claim that orders of State Railroad Commission, requiring gas company to continue service after expiration of its franchise impair obligations of contracts in violation of Const. art. 1, § 10, and deprive gas company of property without due process of law, in violation of Fourteenth Amendment, gives federal court jurisdiction which extends to determination of local as well as federal questions involved.

3. **Constitutional law** ⊜⇒115, 296(1)—State commission's action in ordering gas company to continue service held act of state within obligation of contracts and due process clauses (Const. art. I, § 10, Amend. 14).

Action of State Railroad Commission in ordering gas company to continue service after expiration of its franchise, is legislative act, and is act of commonwealth within due process clause of Const. Amend. 14, and obligation of contracts clause of article 1, § 10.

4. Courts �findex282(22)—Federal equity court has power to enjoin enforcement of state commission's orders violating obligation of contracts and due process clauses (Const. art. I, § 10, Amend. 14; Judicial Code, § 266 [Comp. St. § 1243]).

Federal equity court has power, on proper showing that orders of State Railroad Commission, requiring gas company to continue service after expiration of its franchise, impaired obligations of contract and due process clauses of Const. art. 1, § 10, and Amend. 14, respectively, to grant injunctive relief under Judicial Code, § 266 (Comp. St. § 1243), even though orders may also violate state Constitution and laws.

5. Constitutional law ⚫213—State officer cannot do acts violating federal Constitution under authority of state.

State officer cannot, as means of doing wrong forbidden by federal Constitution, proceed on assumption that he is clothed with state authority to do such acts and at same time, for purpose of avoiding federal constitutional provisions, deny that he is clothed with such power, nor can he proceed in exercise of power in violation of federal constitutional provisions under authority of state to do such acts.

6. Courts ⚫282(22)—Federal equity court will enjoin enforcement of orders of state commission violative of federal Constitution, when justiciable stage has been reached by threats of civil or criminal process (Const. art. I, § 10, Amend. 14).

Federal equity court will grant injunctive relief against enforcement of legislative orders of State Railroad Commission, claimed to violate due process and obligation of contracts clauses of Const. art. 1, § 10, and Amend. 14, when justiciable stage has been reached by threat to enforce objectionable orders by civil or criminal process.

7. Courts ⚫282(22)—Justiciable stage is reached when Kentucky Railroad Commission enters orders claimed to violate rights under federal Constitution.

Since Kentucky law allows no appeal to any other authority exercising legislative functions to grant revise, or extend orders of Railroad Commission, justiciable stage is reached on entry of such orders claimed to be in violation of rights under federal Constitution, and federal equity court may then grant relief, notwithstanding commission's orders are enforceable by court proceeding only.

8. Courts ⚫493(2)—That same questions may be raised in state court does not deprive plaintiff of right to have federal court decide federal questions.

That same questions may be raised in state court does not deprive plaintiff of its right under federal Constitution to have its case decided in federal court because of federal questions involved.

9. Courts ⚫493(2)—Commencement of suit in state court, in violation of federal court's temporary restraining order against enforcement of state commission's orders did not stay federal court proceedings (Judicial Code, § 266 [Comp. St. § 1243]).

Where, notwithstanding temporary restraining order of federal court enjoining enforcement of orders of, State Railroad Commission claimed to violate plaintiff's rights under federal Constitution, defendants sued in state court to enforce commission's orders, proceedings in federal court were not stayed under Judicial Code, § 266 (Comp. St. § 1243), pending determination of suit in state court; provision relating to abatement of proceedings in federal court applying only where no temporary restraining order issued by federal court is in force when state suit is commenced.

10. Courts ⚫366(I)—Construction of state Constitution by Kentucky Court of Appeals binds federal court.

The decisions of the Kentucky Court of Appeals, construing state Constitution and involving no federal question, bind federal courts.

11. Constitutional law ⚫129—Gas company's obligation to furnish gas terminated on expiration of franchise, and Kentucky Railroad Commission's orders requiring continuance of service impaired obligation of contract (Const. Ky. §§ 163, 164; Const. U. S. art. I, § 10).

Under Const. Ky. §§ 163, 164, as construed by Kentucky Court of Appeals, on expiration of gas company's franchise for 10-year term company had no right, under franchise, to occupy streets and public ways, and city was without power to confer such right except in same way original franchise was granted; hence all obligations of company to furnish gas terminated, and attempt by State Railroad Commission to force continuance of service thereafter impaired obligation of contract within Const. U. S. art. 1, § 10.

12. Constitutional law ⚫129—State statute, if construed as authorizing Railroad Commission to compel gas company to continue service after expiration of its franchise, would violate state Constitution (Ky. St. § 201e-I et seq.; Const. Ky. 163, 164).

Ky. St. § 201e1 et seq. requiring public service corporation continuing to furnish service after expiration of its franchise without obtaining new franchise, to obtain permission of Railroad Commission before withdrawing such service, if construed as authorizing commission to force gas company to continue to occupy public streets and furnish gas after expiration of its franchise, obtained under Const. Ky. §§ 163, 164, would in effect determine that General Assembly can confer on commission power to set aside mandatory provisions of Kentucky Constitution.

13. Gas ⚫13(I)—Statute, requiring Railroad Commission's permission to withdraw service, continued after expiration of franchise, held inapplicable to gas company, compelled by mandatory injunction to continue service (Ky. St. § 201e23).

Ky. St. § 201e23, providing that, if public service corporation continues service after expiration of its franchises without obtaining new franchise, it must obtain permit of Railroad Commission before discontinuing service, does not apply to gas company which undertook to discontinue its service on expiration of its franchise but was forced to continue service by mandatory injunction issued by state court.

**14. Injunction** ⊜136(2)—**Interlocutory injunction restraining enforcement of unconstitutional orders, which State Railroad Commission insists upon upholding, may be granted notwithstanding adjudication of highest state court.**

Application for interlocutory injunction, restraining enforcement of orders of State Railroad Commission, compelling gas company to continue service after expiration of its franchise, in violation of obligation of contracts and due process clauses of federal Constitution will be granted, notwithstanding question has become moot because of highest state court's decision that orders violated state Constitution, in absence of anything in record showing defendant's intention to abandon enforcement of orders.

In Equity. Suit by the Union Light, Heat & Power Company against the Railroad Commission of the Commonwealth of Kentucky and others. Decree for plaintiff.

Matt Herold, of Newport, Ky., and Frank W. Cottle and Alfred C. Cassatt, both of Cincinnati, Ohio, for plaintiff.

Frank E. Daugherty, Atty. Gen., of Kentucky, and Brent Spence, of Newport, Ky., for defendants.

Before MOORMAN, Circuit Judge, and HICKS and DAWSON, District Judges.

PER CURIAM. This is a proceeding under section 266 of the Judicial Code (Comp. St. § 1243). Plaintiff seeks to enjoin the State Railroad Commission and the chief law officer of the state, the Attorney General, from enforcing the orders of the Railroad Commission complained of in the bill, which direct the plaintiff, notwithstanding the expiration of its franchise and notwithstanding an express provision in the franchise that the plaintiff's rights thereunder expired on the 5th day of September, 1925, to continue to furnish gas service to the public in the city of Ft. Thomas, Ky., and, under the conditions laid down in the order, to extend that service and its mains to supply same when demand is made therefor.

The orders of the commission are attacked on the ground that they are violative of section 10 of article 1 of the Constitution of the United States, in that they impair the obligation of plaintiff's contract with the city of Ft. Thomas, embodied in the franchise; and of section 1 of the Fourteenth Amendment to the Constitution of the United States, in that they deprive the plaintiff of its property without due process of law; and of the Fifth Amendment to the Constitution of the United States, in that they constitute a taking of the plaintiff's property for public use without compensation therefor. The orders

are further attacked on the ground that they are in violation of sections 163 and 164 of the Constitution of Kentucky, and because they are an attempted exercise by the Railroad Commission of power not granted to that body under the provisions of section 201e1 et seq. of Kentucky Statutes, from which statute the Railroad Commission claims to derive its power for entering the orders complained of.

[1, 2] The claim of the plaintiff that the orders are violative of the Fifth Amendment to the Constitution of the United States does not state a cause of action, because it is well settled that the Fifth Amendment is a limitation upon the powers of the federal government, and not upon the powers of the respective states. The claim that the orders are violative of section 10 of article 1 of the Constitution of the United States, and of the due process clause of the Fourteenth Amendment to the Constitution, makes out a case properly cognizable in a federal court, and, because of the federal questions raised by the bill, this court has jurisdiction to determine, not only the federal questions involved, but the local questions as well. Siler v. L. & N. R. R. Co., 213 U. S. 175, 29 S. Ct. 451, 53 L. Ed. 753; L. & N. R. R. Co. v. Garrett, 231 U. S. 298, 34 S. Ct. 48, 58 L. Ed. 229; Davis v. Wallace, 257 U. S. 478, 42 S. Ct. 164, 66 L. Ed. 325; Field v. Barber Asphalt Paving Co., 194 U. S. 618, 24 S. Ct. 784, 48 L. Ed. 1142; Greene v. Louisville & Interurban R. Co., 244 U. S. 499, 37 S. Ct. 673, 61 L. Ed. 1280, Ann. Cas. 1917E, 88.

[3, 4] We are of opinion that there is no merit in the defendant's contention that this is not a case of equitable jurisdiction. It is well settled that the action of the Railroad Commission of Kentucky in making the orders complained of was a legislative act, and to all intents and purposes an act of the commonwealth of Kentucky within the meaning of section 10 of article 1 of the Constitution and the due process clause of the Fourteenth Amendment, and that a federal court of equity, upon a proper showing that such orders are in conflict with those provisions of the federal Constitution, has the power to grant relief. Grand Trunk Ry. Co. v. Railroad Commission of Indiana, 221 U. S. 400, 31 S. Ct. 537, 55 L. Ed. 786; Home Telephone & Telegraph Co. v. City of Los Angeles, 227 U. S. 278, 33 S. Ct. 312, 57 L. Ed. 510. This is true, even though the orders complained of may be in violation of the Constitution and the laws of the state of Kentucky. Home Telephone & Telegraph Co. v. City of Los Angeles, 227 U. S. 278, 33 S. Ct. 312, 57 L.

17 F.(2d)—10

Ed. 510; Siler v. L. & N. R. R. Co., 213 U. S. 175, 29 S. Ct. 451, 53 L. Ed. 753.

[5, 6] As pointed out in the Los Angeles Case, supra, a state officer cannot, on the one hand, as a means of doing a wrong forbidden by the federal Constitution, proceed upon the assumption that he is clothed with state authority to do the acts complained of, and at the same time, for the purpose of avoiding the application of the federal constitutional provisions, deny that he is clothed with such power, and thus accomplish the wrong. A fortiori he cannot proceed in the exercise of the power, in violation of federal constitutional provisions, when, as in this case, it is strenuously insisted that he is clothed with authority by the state to do the acts complained of. Of course the controversy in this case did not reach its justiciable stage until the legislative acts evidenced by the orders complained of had been completed. When the justiciable stage has been reached, however, and there is a threat or an attempt to enforce the objectionable orders by either civil or criminal process, in cases such as that presented by this record, a federal court of equity may grant relief. See Home Telephone & Telegraph Co. v. Los Angeles, 227 U. S. 278, 33 S. Ct. 312, 57 L. Ed. 510; Pacific Gas Co. v. San Francisco, 265 U. S. 415, 44 S. Ct. 537, 68 L. Ed. 1075; Bacon v. Rutland R. R. Co., 232 U. S. 135, 34 S. Ct. 283, 58 L. Ed. 538; Oklahoma Gas & Electric Co. v. Corporation Commission of Oklahoma, 261 U. S. 290, 43 S. Ct. 353, 67 L. Ed. 659; Pacific Telephone Co. v. Kuykendall, 265 U. S. 196, 44 S. Ct. 553, 68 L. Ed. 975.

[7] The court is satisfied that the justiciable stage in this case was reached when the orders complained of were entered by the Railroad Commission. Under the law of Kentucky no appeal is allowed to any other authority exercising legislative functions to amend, revise, or extend in any way the orders of the Railroad Commission. When they have been entered, the Railroad Commission is without power to enforce them except by proceeding in court. Such a proceeding, however, is purely a judicial one.

[8] In case of orders such as those complained of in this case, subsection 21 of section 201e of Kentucky Statutes provides that the Railroad Commission may file a petition in equity in the proper circuit court of the state to enforce them. In view of the decisions of the Court of Appeals of Kentucky prior to the enactment of section 201e of Kentucky Statutes in its present form, there is considerable doubt as to what defenses may be interposed by the defendant in suits brought by the Railroad Commission to enforce its orders under the section referred to. We think this, however, is entirely immaterial in determining the jurisdiction of this court. If it be assumed that in such a suit, brought by the Railroad Commission to enforce the orders complained of, every right asserted in this case could be asserted by the plaintiff in defense of the Railroad Commission's action, the situation would not be changed. Plaintiff claims the right to have its case decided in a federal court because of federal questions involved. This is a right guaranteed to it by the federal Constitution, and the fact that the way is open for the same questions to be raised in a state court suit cannot be made the basis of depriving the plaintiff of its federal constitutional right.

[9] We cannot agree with defendant's contention that this court, under section 266 of the Judicial Code, has no authority to proceed further until a suit now pending in the Campbell county (Kentucky) circuit court, which was instituted by the Railroad Commission to enforce the orders complained of herein, has been finally determined. That part of section 266 relied upon, reads as follows:

"It is further provided that if before the final hearing of such application a suit shall have been brought in a court of the state having jurisdiction thereof under the laws of such state, to enforce such statute or order, accompanied by a stay in such state court of proceedings under such statute or order pending the determination of such suit by such state court, all proceedings in any court of the United States to restrain the execution of such statute or order shall be stayed pending the final determination of such suit in the courts of the state."

Section 266 of the Judicial Code authorizes the federal courts to grant interlocutory injunctions to suspend the enforcement of any statute of a state or order made by any administrative board or commission acting under and pursuant to the statutes of such state. Such interlocutory injunction cannot be granted except upon at least five days' written notice, the hearing to be had before three judges, at least one of whom must be a Justice of the Supreme Court or a Circuit Judge, and unless a majority of the three judges shall concur in granting such application. The section in question, however, grants to any of the judges authorized to sit in such case the power to grant, without notice or hearing, a temporary restraining order at any time before the hearing and determination of the application for an interlocu-

tory injunction, provided the judge granting same is of the opinion that irreparable loss or damage would result to the complainant by delay in awaiting the decision of the motion for an interlocutory injunction. That portion of the section dealing with abatement of the action in the federal court obviously refers to those cases where no temporary restraining order has been issued and where, before final hearing on the application for the interlocutory injunction, a suit has been brought in the state court to enforce the statute or order complained of, accompanied by a stay of all proceedings under such statute or order. We cannot conceive how that portion of section 266 of the Judicial Code relied upon by the defendants can be construed to apply to a case where a temporary restraining order issued by the federal court was in full force and effect at the time those against whom it was directed instituted their suit in the state court to enforce the state statute or order complained of.

Such is the situation in this case. Upon proper application and showing, the District Judge, at the time of the filing of the bill, on December 18, 1925, issued a temporary restraining order, enjoining and restraining the defendants from proceeding under the orders of the Commission complained of until the final hearing and determination of the motion for an interlocutory injunction, which was set for December 24, 1925, and on that date, by consent of the defendants, the hearing on the application for an interlocutory injunction was reset for January 23, 1926, and the restraining order entered on December 18, 1925, was continued in full force and effect until such hearing and final determination of the application for an interlocutory injunction. Notwithstanding these facts, the defendants, on the 8th day of January, 1926, and while the temporary restraining order was in full force and effect, violated its terms by bringing a suit in the Campbell circuit court to enforce those orders. In that suit, on application of the plaintiffs, an order was entered, restraining and enjoining, pending the determination of that suit, all persons and corporations from enforcing or attempting to enforce any claim or right under or growing out of the orders referred to. It is this suit, filed in violation of the temporary restraining order issued in this case, and the order entered in such suit, upon which defendants rely to prevent this court from proceeding further until the case in the state court has been finally disposed of.

We do not deem it necessary to consider the question of whether the stay obtained in the state court is the character of stay referred to in section 266 of the Judicial Code or not. The filing of the suit in the state court would have been fully authorized under section 266, if the temporary restraining order had not been in the way, but to hold that the state court suit, filed in violation of the temporary restraining order issued in this case, can be made the means of depriving this court of the right and duty to proceed, would be to place a premium upon litigants disregarding the orders of this court, and would be a construction of section 266 of the Judicial Code, not justified by its language.

What has been here said in reference to the violation by the defendants of the restraining order in this case is not intended as a statement that the defendants have been intentionally guilty of contempt of this court's orders, as a casual reading of section 266 of the Judicial Code might lead one to conclude that it authorizes the procedure adopted by the defendants, but we are satisfied that such a construction of that section is erroneous.

We therefore hold that the action brought by the defendants in the Campbell circuit court, and the order entered therein, in no wise affect the power or the duty of this court to now proceed to a final determination of the application for an interlocutory injunction herein.

We come now to a consideration of the case on its merits. The present Constitution of Kentucky was adopted prior to the acquisition by the plaintiff of the franchise involved in this case. Sections 163 and 164 of that instrument provide:

"163. No street railway, gas, water, steam heating, telephone, or electric light company, within a city or town, shall be permitted or authorized to construct its tracks, lay its pipes or mains, or erect its poles, posts or other apparatus along, over, under or across the streets, alleys or public grounds of a city or town, without the consent of the proper legislative bodies or boards of such city or town being first obtained; but when charters have been heretofore granted conferring such rights, and work has in good faith been begun thereunder, the provisions of this section shall not apply."

"154. No county, city, town, taxing district or other municipality shall be authorized or permitted to grant any franchise or privilege, or make any contract in reference thereto, for a term exceeding twenty years. Before granting such franchise or privilege for a term of years, such municipality shall first, after due advertisement, receive bids therefor publicly and award the same to the

highest and best bidder; but it shall have the right to reject any or all bids. This section shall not apply to a trunk railway."

[10] In an unbroken line of cases, the Kentucky Court of Appeals has held that these two sections of the Constitution are mandatory and must be read together, and that no franchise to occupy the streets and public ways of a municipality of the commonwealth can be acquired in any other way than by a strict compliance with these two sections. There must be a public advertisement for bids; the bids must be received publicly; the franchise must be awarded to the highest and best bidder, and cannot be granted for a period in excess of twenty years, and upon the expiration of the life of the franchise the owner thereof has no right to longer occupy and use the public ways of the municipality, and can acquire no such right, nor can the city grant any such right, except that a new sale is effected under the provisions of sections 163 and 164 of the Constitution. These decisions of the Court of Appeals of Kentucky, construing its own Constitution and involving no federal question, are binding upon us.

[11] The franchise involved in this case, by its express terms, ran for a period of ten years from and including September 6, 1915. Therefore, under sections 163 and 164 of the Constitution of Kentucky, as construed by the Court of Appeals of the state, the plaintiff had no right under that franchise to occupy the streets and public ways of the city of Ft. Thomas after the 5th day of September, 1925, and the city was without power to confer upon it any such right, except in the same way as the original franchise was granted. Cases illustrating the strictness with which these two sections of the Kentucky Constitution have been applied are: Rural Home Telephone Co. v. Kentucky & Independent Telephone Co., 128 Ky. 209, 107 S. W. 787; Princeton v. Princeton Electric Light & Power Co., 166 Ky. 730, 179 S. W. 1074; City of Somerset v. Smith, 105 Ky. 678, 49 S. W. 456; People's Electric Light & Power Co. v. Capital Gas & Electric Light Co., 116 Ky. 77, 75 S. W. 280; Hamilton v. Bastin Bros., 188 Ky. 764, 224 S. W. 430; East Tennessee Telephone Co. v. Anderson County, 115 Ky. 488, 74 S. W. 218.

Therefore, looking alone to the two state constitutional provisions under consideration, it seems perfectly obvious that all obligation on the part of the plaintiff to furnish gas service to the citizens of Ft. Thomas terminated upon the expiration of its franchise, and that any attempt on the part of the Ken-

tucky Railroad Commission to force a continuation of the service after the expiration of the franchise would be writing into the contract of the plaintiff an obligation which it did not assume, and therefore would be violative of section 10 of article 1 of the Constitution of the United States.

[12, 13] Furthermore, to construe section 201e of Kentucky Statutes, relied upon by the defendants as conferring power on the Kentucky Railroad Commission to force the plaintiff in this case to continue to occupy the streets and public ways of the city of Ft. Thomas and to furnish gas service to its inhabitants after the expiration of its franchise, obtained under sections 163 and 164 of the Kentucky Constitution, would be, in effect, to hold that the General Assembly has the right to confer upon the Railroad Commission of Kentucky the power to set aside the mandatory provisions of these two sections of the Constitution. This, of course, the General Assembly cannot do. These two sections of the Constitution took away from the General Assembly the power to grant local franchises, and expressly vested that power in the municipalities of the state. Such a construction of section 201e of Kentucky Statutes would bring that section in conflict with the Constitution of the state. It seems to us, however, that the Railroad Commission can find no authority under section 201e for its orders in this case. Subsection 23 of that section reads as follows:

"201e23. If the franchise of any public service company embraced in this act shall have expired, and the service is continued without obtaining a new franchise the said public service company shall be subject to the jurisdiction and authority of the Railroad Commission, and shall not withdraw its service from any municipality, county or community without first obtaining the permission of the said Railroad Commission so long as it remains in business in this commonwealth, or any part thereof."

If this section is in harmony with the Constitution of Kentucky, which question we do not feel called upon to decide, it, at most, gives the Railroad Commission the right to force a continuation of service only in those cases where the public service corporation has continued in the business which it conducted under its franchise after the expiration of that franchise. That is not the situation in this case, because the record discloses that the plaintiff undertook to quit and withdraw from its business as a seller and distributer of gas in the city of Ft. Thomas, upon the expiration of its franchise, but against its

will was forced to continue, by a mandatory injunction issued by the Campbell circuit court a few hours before the expiration of the franchise, in a suit filed for that purpose by the city of Ft. Thomas and certain of its inhabitants. Subsection 23 of the statute in question certainly has no reference to an involuntary continuation of service, such as this record discloses.

The state suit last referred to, since the application in this case has been under consideration, has been carried to the Court of Appeals of Kentucky under the style of Union Light Heat & Power Co. v. City of Ft. Thomas et al., 215 Ky. 384, 285 S. W. 228, and decided by that court on June 25, 1926. That case involved exactly the same questions as are involved here. The Court of Appeals of Kentucky reached the conclusion that the plaintiff had the absolute right, under sections 163 and 164 of the state Constitution, to withdraw from the city of Ft. Thomas as a seller and distributer of gas, upon the expiration of its franchise on September 5, 1925, and that to compel it to continue to serve its former customers after that date would impair the obligation of its franchise contract. Without expressing an opinion as to the constitutionality of subsection 23 of section 201e of Kentucky Statutes, the court held that *that* section has no application to the facts in this case, inasmuch as the enforced continuation of service after the expiration of the plaintiff's franchise is not the character of continuation of service referred to in that subsection. While this decision of the Court of Appeals of Kentucky came after the accrual of the rights of the parties in this case, and therefore of itself would not control this court, if we were of a different opinion, yet it is in line with all of the decisions of that court, construing rights accruing under sections 163 and 164 of the state Constitution, and in our judgment announces no new principle of law in Kentucky.

[14] In view of this opinion of the Court of Appeals of Kentucky, this case might well be said to involve purely moot questions. The commission cannot enforce its orders except by a suit in the courts of the state, nor can any person claiming rights under those orders assert them except by a suit, and in such suit the plaintiff would certainly be confronted with this opinion of the Court of Appeals of Kentucky, which, it would seem, would be conclusive of the rights of the parties. However, this record is silent as to any intention on the part of the defendants to abandon their attempt to enforce the orders complained of. So far as we are advised, the suit

brought by the defendants to enforce these orders is still alive upon the state court docket, and for this reason, and in view of the conclusions herein announced, the application for the interlocutory injunction is granted, and counsel may prepare and present for entry the proper order.