**GENERAL OUTDOOR ADVERTISING CO. et al. v. WILLIAMS et al., Commissioners of Department of Public Works.**

(Circuit Court of Appeals, First Circuit. May 29, 1926.)

No. 1988.

Courts' ☞493(3)—Pendency of prior suit in state court for personal judgment restraining state department of public works from enforcing rules held no ground for dismissing suit in federal court between same parties for same relief.

Pendency of prior suit in state court to restrain state commissioners of department of public works from enforcing rules and regulations relating to advertising boards, and seeking merely personal judgment, and not involving title to property, was no ground for dismissing suit in federal court between same parties for same relief.

Appeal from the District Court of the United States for the District of Massachusetts; Lowell, Judge.

Suit by the General Outdoor Advertising Company, Inc., and others, against William F. Williams and others, Commissioners of the Department of Public Works, Division of Highways, of Massachusetts. From a decree dismissing their bill on defendant's motion (9 F.[2d] 165), plaintiffs appeal. Reversed and remanded.

Lowell A. Mayberry, of Boston, Mass. (George L. Mayberry and Philip Mansfield, both of Boston, Mass., on the brief), for appellants.

Melville Fuller Weston, of Boston, Mass. (Jay R. Benton, of Boston, Mass., on the brief), for appellees.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

PER CURIAM. This is a bill in equity, brought by numerous complainants, seeking to restrain the respondents, commissioners of the department of public works, division of

highways, of Massachusetts, from enforcing certain rules and regulations promulgated by the commissioners relating to complainants' businesses of erecting and maintaining advertising boards in the state, on the ground that the rules and regulations are illegal and void, and that their enforcement would result in irreparable damage to the complainants and destruction of their property without due process of law or just compensation.

In the District Court the respondents filed a motion to dismiss, setting forth that the complainants had previously brought a suit in equity, identical in character with this one and seeking the same relief, in the Supreme Judicial Court for Massachusetts, and that the state court had taken jurisdiction of the bill and issued an injunction pendente lite. The motion was heard before a judge of the District Court, who entered a decree dismissing the bill, and this appeal was taken.

We are of the opinion that the court erred in dismissing the bill. It is conceded that the District Court, as a federal court and as a court of equity, had jurisdiction and authority to entertain the bill. The mere pendency of the prior suit in the state court, involving the same subject-matter, did not necessarily operate as a bar to the present proceeding and justify its dismissal.

The complainants' bill is not a proceeding in rem or to try the title to property, nor does it involve the exercise of possession or control over specific property. Had the respective bills been proceedings in rem or to try the title to property or involved the possession or control of specific property, the jurisdiction of the state court having first attached, the federal court would be precluded from exercising its jurisdiction over the same property to defeat or impair the state court's jurisdiction, and the bill properly might have been dismissed. But such is not the case, for the bill seeks a personal judgment or decree against the defendants and the dismissal was not authorized. See Kline v. Burke Construction Co., 260 U. S. 226, 43 S. Ct. 79, 67 L. Ed. 226, 24 A. L. R. 1077; McClellan v. Carland, 217 U. S. 268, 30 S. Ct. 501, 54 L. Ed. 762; Boston & Maine R. R. v. Dutille (C. C. A.) 289 F. 320; Covell v. Heyman, 111 U. S. 176, 182, 4 S. Ct. 355, 28 L. Ed. 390.

The decree of the District Court is reversed, and the case is remanded to that court for further proceedings not inconsistent with this opinion, with costs to the appellants.