## ABARCA v. BANCO COMERCIAL DE PUERTO RICO et al.

No. 3066.

Circuit Court of Appeals, First Circuit.

Feb. 25, 1936.

Philip N. Jones, of Boston, Mass. (Hurlburt, Jones & Hall, of Boston, Mass., and Henry G. Molina and F. Soto Gras, both of San Juan, P. R., on the brief), for appellant.

O. B. Frazer, of New York City (Hugh R. Francis, of San Juan, P. R., on the brief), for appellees.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

BINGHAM, Circuit Judge.

This is an appeal from a judgment of the District Court of the United States for Puerto Rico of August 3, 1935, dismissing the complaint of the plaintiff, appellant, for want of jurisdiction. (See amendment of August 1, 1933.) The appeal was taken and allowed August 19, 1935. The original complaint was filed July 3, 1933. On August 1, 1933, an amended complaint was filed. The trial was begun February 4, 1935, before the court and jury, but later, a jury being waived in open court, the trial proceeded before the District Judge.

In the amended complaint the plaintiff alleged that she was a citizen of Spain and there domiciled; that the defendants, the Banco Comercial de Puerto Rico and the Banco de Puerto Rico, were banks incorporated and organized under the law of Puerto Rico and were doing business there; that on October 17, 1931, the plaintiff was a depositor in the Banco Comercial in the amount of $6,281.04; that, on that date, said bank suspended operation and a receiver was appointed by the District Court of San Juan to take possession of its property and assets; that the receiver remained in possession until on or about May 10, 1933, when he delivered all the assets and property of the bank to the Banco de Puerto Rico, pursuant to an agreement between a certain number of stockholders of said bank and a number of depositors and other creditors; and that, pursuant to said agreement, the Banco de Puerto Rico undertook to liquidate the obligations of the Banco Comercial; that the agreement was entered into and attempted to be consummated by virtue of a certain act of the Legislature of Puerto Rico, No. 17, approved April 18, 1933; that said act and agreement were void and of no effect, being in violation of section 2 of the Organic Act of Puerto Rico (48 U.S.C.A. § 737) providing "that no law shall be enacted in Puerto Rico which shall deprive any person of life, liberty, or property without due process of law, or deny to any person therein the equal protection of the laws," and "that no law impairing the obligation of contracts shall be enacted."

It was further alleged that the plaintiff did not enter into the agreement and refused to be bound by it; that she had made due demand on the defendants for the payment of the amount due her; and that her demand was refused. She prayed for judg-

ment against the defendants in the amount of her claim, with interest.

A demurrer to the complaint having been overruled, the defendants answered. In the answer they denied that the Banco de Puerto Rico undertook to pay the obligations of the Banco Comercial, and alleged that on or about May 10, 1933, a plan of reorganization of the Banco Comercial was adopted and put into effect, under which plan the Banco de Puerto Rico became the liquidator of the Banco Comercial under a law of Puerto Rico approved April 18, 1933 (No. 17); that the reorganization in accordance with the law of April 18, 1933, was properly approved by an order (of May 8, 1933) of the District Court of San Juan "against which resolution the plaintiff * * * sought a writ of certiorari from the Supreme Court of Puerto Rico, which writ was denied;" and that, under the terms of the reorganization plan, the plaintiff is not entitled to an immediate payment of the amount of her claim.

At the trial the plaintiff introduced in evidence the records before the District Court of San Juan in the case of The Treasurer of Puerto Rico v. Banco Comercial de Puerto Rico, in which a receiver of Banco Comercial was appointed and in which, on May 8, 1933, an order was entered approving a plan for the liquidation of Banco Comercial and ordering a transfer of its assets to Banco de Puerto Rico as liquidator—the liquidation to be under the terms of a plan then approved. The record does not show that any order or provision was made in the receivership proceedings in the San Juan court requiring the presentation to and allowance of claims by the receiver or other officer of the court or that any time was fixed within which claims should be presented for allowance.

The feature of the plan here material provided that depositors and common creditors of the Banco Comercial should take 25 per cent. of their claims in the stock of a new bank called Banco de Puerto Rico, the cash of the Banco Comercial turned over to the Banco de Puerto Rico, to the amount of 25 per cent. of their claims, be applied as a subscription to such stock at par, and the balance of said claims be paid by the dividends from time to time realized from the unencumbered assets of the liquidated bank. Under the plan and order of the court, no creditor or depositor could participate in the distribution of the assets of the Banco Comercial unless he first accepted the plan (agreeing to take 25 per cent. of his claim in stock) by a writing to that effect signed by him. In other words, a nonconsenting creditor could not participate in the assets of the closed bank, and the plan provided no method of establishing his claim against the bank in a court or elsewhere.

There was evidence that the plaintiff and other nonassenting creditors were not notified of the hearing at which the order of May 8, 1933, was entered, or heard thereon, and that their petition to intervene was denied, as was their motion for reconsideration of the order—the latter being denied on the ground that at that time they were not interveners and, under the act, were not entitled to intervene and be heard.

Before the plaintiff had completed the introduction of her testimony, the District Court interrupted the same with the following statement or ruling, to which the plaintiff excepted:

"The Court: If I was not absolutely clear on the proposition here, I would be perfectly willing to continue to hear testimony. I may assume, as I see the case, that the act in question is unconstitutional and would be so held in a proper proceeding. However, the testimony here shows that the District Court of San Juan having jurisdiction of the subject matter, has passed a decree [May 8, 1933] and that final decree is conclusive on this court. No view of this case would permit a judgment in favor of the plaintiff which would not be in conflict with the decision of the District Court of San Juan. I cannot think that if a proper showing is made that the right of appeal will be denied from the decision of the District Court of San Juan. Certainly, there would be no appeal denied in this court. I am forced to the conclusion, Mr. Molina, to find—anticipating that the testimony would be exactly as has been indicated, I would be forced to find for the defendant and to dismiss the complaint. Now, if counsel on either side desire a formal order, prepare it and submit it and I will sign it.

"Mr. Molina: I must respectfully except to the ruling and now in order that the record may be complete I wish your Honor would permit me to state the evidence which I propose to offer so that in the event that my clients should decide to appeal, with respect, from your Honor's order there would be a complete record on appeal."

The record shows that thereafter, on February 5, 1935, the court caused an order to be entered dismissing the complaint; that on May 5, 1935, he vacated the order of dismissal and continued the case to the next term for the purpose of making findings and for the entry of judgment; that on July 22, 1935, trial by jury having been waived, and to protect the rights of the parties, the court submitted a tentative report of findings of fact and rulings of law, in which, after reciting that the cause came on for trial before the court on February 4, 1935, and that the parties in open court waived a jury trial, the court said:

"Both oral and documentary evidence having been introduced on behalf of the plaintiff and the court having indicated that it believed the complaint should be dismissed on the ground that this court has no jurisdiction to entertain the present suit but that the same should be instituted before the District Court of San Juan, the case was not finally submitted, but only for the court to make a tentative report of its findings of fact and rulings of law, so that counsel may be afforded an opportunity to examine the same and save their exceptions, and accordingly the court tentatively finds the following:

"Findings of Fact."

By an order of August 16, 1935, the words "Findings of Fact" were eliminated and the following substituted therefor: "The testimony introduced on behalf of the plaintiff establishes the following."

Findings 1, 2, and 3, then made, support the allegations of the plaintiff's complaint as to diversity of citizenship and that the amount in controversy, on October 19, 1931, exceeded $3,000, exclusive of interest and costs. The fourth finding was that on October 19, 1931, the Treasurer of Puerto Rico (superintendent of banks) instituted a suit in the District Court of San Juan against the Banco Comercial setting out that it was solvent but unable to meet its obligations or continue its banking operations; and that in order to safeguard the interest of depositors and creditors the appointment of a receiver was necessary, and prayed that, in accordance with the provisions of section 26 of the Banking Law of 1923, Laws Sp.Sess.No. 18, as amended by Law No. 68 of August 1, 1925, a decree be entered appointing a receiver with suitable powers to administer and distribute the assets of the bank: (in finding 5) that on the same day, the Banco Comercial consenting thereto, Rafael Carrion was appointed receiver, who entered upon his duties and continued therein until August 4, 1932, when he resigned and Antonio R. Hermandez was appointed receiver; (in the sixth) that on March 18, 1933, the Treasurer of Puerto Rico filed a petition in the receivership cause stating that a plan had been adopted for the organization of Banco de Puerto Rico and the liquidation by it of Banco Comercial, the terms of which plan were set forth; (in the seventh) that on March 18, 1933, the Banco Comercial answered, consenting to the plan and the order prayed for by the Treasurer; (in the eighth) that on March 23, 1933, the plaintiff in this suit and certain others as creditors and depositors of Banco Comercial, amounting in all to $35,937.20, filed in the receivership suit an intervening petition in opposition to said plan; (in the ninth) that while the petition of March 18, 1933, for approval of the plan was pending decision, the Legislature of Puerto Rico adopted Act No. 17, approved April 18, 1933, providing that where two-thirds of the total amount of credits and deposits of a closed bank, exclusive of secured funds of the insular and federal governments and governmental dependencies, preferred credits and other secured creditors, shall have approved the plan of reorganization, the Treasurer of Puerto Rico, having approved it, shall submit it with his recommendation to the District Court for approval and that the judge, having been shown that the necessary proportion of creditors had given their written consent thereto, should approve the plan; (in the tenth) that on May 1, 1933, the Treasurer filed a motion in the receivership cause to withdraw the petition of March 18, 1933, for approval of the plan; that the motion was not served upon the interveners and that, without any hearing, an order was forthwith entered withdrawing the petition of March 18, 1933; (in the eleventh) that thereafter, on May 1, 1933, the Treasurer filed in the receivership proceeding another petition for judicial approval of the same plan as was the subject of the former petition of March 18, 1933, to be considered in connection with Law No. 17, approved April 18, 1933; (in the twelfth) that on the same day the Banco Comercial filed an answer agreeing to the same and requesting approval; that no service of the said petition was made on the plaintiff herein and the other interveners

and, without their being afforded a hearing, the District Court of San Juan, on May 8, 1933, entered an order approving the plan; that pursuant to the order the receiver immediately delivered over to the Banco de Puerto Rico the entire amount of cash amounting to $480,982.13; that the Banco de Puerto Rico applied $350,000 of this amount as a subscription by the Banco Comercial or its creditors to the capital stock of Banco de Puerto Rico; that in addition thereto outside capital to the amount of $2,725 was paid in, so that the Banco de Puerto Rico commenced business with a paid-in capital of $352,725; (in the thirteenth) that on May 10, 1933, the plaintiff and other nonassenting creditors and stockholders filed a petition in the District Court of San Juan setting forth the foregoing proceedings and asked that the order of May 8, 1933, be set aside as they were interveners and had not been notified of the withdrawal of the petition of March 18, 1933, and the filing of the new petition of May 1, 1933, nor given an opportunity to be heard and that such proceedings deprived the interveners of their property without due process of law; (in the fourteenth) that on May 12, 1933, the court denied the petition of the nonassenting creditors for reconsideration of the court's order of May 8, 1933, on the ground that the proceedings on the motion of March 18, 1933, as to which they had intervened in opposition, had been terminated by the order of May 1, 1933, allowing the withdrawal of the motion allowed March 18, 1933, and that, therefore, there were no interveners upon whom notice of the motion of May 1, 1933, should be served, and that, in accordance with the provisions of Law No. 17 of April 18, 1933, the intervention of dissenting stockholders or creditors was not authorized; (in the fifteenth) that on May 11, 1933, the plaintiff herein and other creditors and depositors who had intervened in opposition to the petition of March 18, 1933, filed before the Supreme Court of Puerto Rico a petition for a writ of certiorari for review of the ex parte order of May 8, 1933, and alleging that it deprived the petitioners of their property without due process of law; and that the Supreme Court, on May 16, 1933, denied their petition and refused to issue the writ; (in the sixteenth) that on May 19, 1933, the receiver filed his general report relating to the termination of the receivership and the transfer of the assets to the Banco de Puerto Rico, with a statement of the condition, as

of May 8, 1933, the date of the order terminating the receivership, and the last balance sheet thereof dated May 19, 1933, and (in the seventeenth) it states that on July 3, 1933, the plaintiff filed her original complaint in this action and, on August 1, 1933, filed her amended complaint; that a hearing was had on the amended complaint on February 4, 1935, as to which the court makes "no finding on the merits being convinced as I am that this court is without jurisdiction."

He ruled that, assuming that Act No. 17, approved April 18, 1933, be unconstitutional, the decree of May 8, 1933, of the District Court of San Juan "was conclusive in this court," and that "no view of this case would permit of a judgment in favor of the plaintiff which would not be in conflict with the decision of the District Court of San Juan;" and that the plaintiff's remedy was an appeal from the decree of May 8, 1933.

In her assignments of error the plaintiff, appellant, complains (1) that the court erred in dismissing the complaint for want of jurisdiction on the ground that the San Juan District Court had exclusive jurisdiction of the cause of action alleged therein; (2) in holding that the plaintiff's exclusive remedy was an appeal from the order of May 8, 1933; (3) in failing to hold that the Act No. 17, approved April 18, 1933, was null and void and in contravention of section 2 of the Organic Act; (4) in not holding that the approval of the plan by the District Court of San Juan deprived the plaintiff of her property without due process of law; (5) in failing to hold that by the approval of the plan, the delivery of all the assets of Banco Comercial to Banco de Puerto Rico, and the discharge of its receiver, the District Court of San Juan no longer retained exclusive jurisdiction with respect to the assets; (6) in failing to hold [holding] that, after the above-mentioned things were had the District Court of San Juan retained exclusive jurisdiction to determine the rights of the creditors who had not accepted the plan; (7) in failing to hold that, upon the happening of these things, the plaintiff, a citizen and resident of Spain, was entitled to maintain her suit to recover the amount of her claim from Banco de Puerto Rico as liquidator; (8) in failing to hold that Act No. 17 and all the proceedings had thereunder in the suit in the District Court of San Juan, were null and void and that the

plaintiff was entitled to assert her right as a creditor of the Banco Comercial before any court of competent jurisdiction; (9) in holding that the federal District Court had no jurisdiction to entertain the complaint; and (10) in holding that the District Court of San Juan had exclusive jurisdiction to entertain the plaintiff's cause of action.

The main question raised by these assignments is whether the federal District Court of Puerto Rico erred in dismissing the complaint for want of jurisdiction.

There can be no doubt that on the allegations of the complaint and the findings of the District Court that court had federal jurisdiction. There was the requisite diversity of citizenship, and the amount involved exceeded, exclusive of interest and costs, $3,000. The dismissal for want of jurisdiction, therefore, could not have been based on either of these grounds.

■ The action was an action at law to recover the sum of $6,391.04. It was brought against plaintiff's debtor, the Banco Comercial, and the Banco de Puerto Rico, to whom the assets of the former bank had been transferred. At the time the suit was brought the assets of Banco Comercial, theretofore in the custody of the District Court of San Juan through its receiver, had been turned over, under an order of that court of May 8, 1933, to Banco de Puerto Rico and the receivership proceedings had terminated. The Banco de Puerto Rico, to whom the assets were transferred, was not an officer of the District Court of San Juan; that court, at the time of the bringing of this suit, had parted with its custody and control of the assets of Banco Comercial. This being the situation when the plaintiff's suit was brought, the District Court of San Juan had no jurisdiction or control over the assets of the Banco Comercial, much less exclusive jurisdiction over them. Consequently the federal District Court for Puerto Rico not only had federal jurisdiction, but jurisdiction at law to entertain the proceeding, and should have proceeded to determine the case on its merits.

■■ The question whether Act No. 17, of April 18, 1933, was constitutional and, if constitutional, would preclude the plaintiff from maintaining her suit was a question going to the merits and not to the jurisdiction of the District Court; and the question whether the decree of May 8, 1933, to which the plaintiff was not a party and from which no appeal was taken, precluded her from testing the constitutionality of Act No. 17 was likewise a question going to the merits of the cause and not to the jurisdiction of the court to entertain the suit.

Furthermore, if the jurisdiction of the District Court of San Juan over the assets had not ceased and terminated at the time this suit was brought, we nevertheless think that the federal District Court had jurisdiction to entertain the suit. This suit is not a proceeding in rem, nor does it involve the exercise of the possession or control over the assets of Banco Comercial if the receivership had not terminated and the assets were then in the custody of the District Court of San Juan. It involves a determination of whether the Banco Comercial owed the plaintiff anything and how much. It does not seek to assert a claim on any particular asset. If judgment were entered for the plaintiff, and the assets were in the custody of the San Juan court, execution should not and need not issue against the assets in the custody of that court. In that situation the judgment would be certified to the District Court of San Juan for allowance or disallowance in the distribution of the assets, depending upon the constitutionality of Act No. 17, of April 18, 1933, if any assets then remained in the custody of the San Juan court for distribution. See Byers v. McAuley, 149 U.S. 608, 620, 13 S.Ct. 906, 37 L.Ed. 867; Yonley v. Lavender, 21 Wall. 276, 22 L.Ed. 536; Hess v. Reynolds, 113 U.S. 73, 5 S.Ct. 377, 28 L.Ed. 927; Riehle v. Margolies, 279 U.S. 218, at page 227, 49 S.Ct. 310, 73 L.Ed. 669; Allen v. United States (C.C.A.) 285 F. 678; Waterman v. Canal-Louisiana Bank & Trust Co., Executor, 215 U.S. 33, 30 S.Ct. 10, 54 L.Ed. 80; General Outdoor Advertising Co. v. Williams (C.C.A.) 12 F.(2d) 773; Kline v. Burke Construction Co., 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226, 24 A.L.R. 1077; Lion Bonding & Surety Co. v. Karatz, 262 U.S. 77, 43 S.Ct. 480, 67 L.Ed. 871.

The judgment of the District Court for Puerto Rico is vacated and the case is remanded to that court for further proceedings not inconsistent with this opinion, with costs in this court to the appellant.