**WILSON et al. v. BEEBE et al.**

**JOHNSON et al. v. BEEBE et al.**

**Civ. A. 1376, 1377.**

United States District Court
D. Delaware.
July 26, 1951.

Louis L. Redding, Wilmington, Del., for plaintiffs.

H. Albert Young, Atty. Gen. for the State of Delaware, for defendants.

Before BIGGS, Circuit Judge, LEAHY, Chief Judge, and RODNEY, District Judge.

BIGGS, Circuit Judge.

The complaints in the instant cases invoke the jurisdiction of this court pursuant to Sections 1331 and 1343, Title 28, United States Code, the Fourteenth Amendment of the Constitution of the United States and Section 43, Title 8, United States Code Annotated, commonly known as the Third Civil Rights Act.[1] The plaintiffs seek declaratory judgments[2] to the end that Section 2, Article 10 of the Constitution of the State of Delaware and the Act of April 3, 1929, Chapter 222, 36 Laws of Delaware, shall be declared unconstitutional and void. The plaintiffs also seek injunctions to restrain the defendants from enforcing and executing so much of Section 2, Article 10 of the Constitution of Delaware and the Act of April 3, 1929 as requires and empowers them to maintain their separate schools for white and colored children.

It is alleged that some of the plaintiffs, infants, colored persons, citizens of the United States and the State of Delaware, inhabitants of one of two designated towns and special school districts, have been denied educational opportunities equal to those afforded white children, solely because of their color or ancestry. The remaining plaintiffs are adults, citizens of the United States and of the State of Delaware, inhabitants of one of two special towns and school districts and taxpayers therein, parents or natural guardians of the infant plaintiffs. The adult plaintiffs allege that by reason of the opportunities for equal education denied to their children or wards they, as parents or guardians, must send their children or wards outside the respective towns and special school districts in which they live and must forego advantages and bear burdens not imposed upon the parents of white children similarly situated. The suits are brought by the plaintiffs not only on their behalf but also on behalf of all citizens subjected to the same conditions.[3]

The defendants are variously members of the State Board of Education, an administrative agency of the State, officers or executives employed by the State of Delaware or by the State Board of Education, or members of the boards of education of the special school districts, or officers or executives employed by those boards.

An application for relief was made to the Chief Judge of this Court and the convening of a three-judge court pursuant to Section 2281, Title 28, United States Code, was sought. The Chief Judge of this court, pursuant to Section 2284(1), Title 28, notified the Chief Judge of the Circuit of the application. The Chief Judge of the Circuit then constituted the instant panel of judges.

Motions to dismiss the complaints were filed in both suits by the Attorney General and Deputy Attorney General of Delaware. These motions assert that this Court in the exercise of its sound discretion should decline to adjudicate the constitutional issues presented by these cases and should dismiss the complaints on the ground that the issues tendered should be determined in the first instance by Courts of the State of Delaware.

1. Act of April 20, 1871, 17 Stat. 13.

2. Pursuant to the provisions of Sections 2201, 2202, Title 28, United States Code.

3. The suits are *spurious* class actions brought pursuant to Rule 23(a) (3), FRCP, 28 U.S.C.A. See Independence Shares v. Deckert, 3 Cir., 108 F.2d 51, 55, reversed on other grounds sub nom. Deckert v. Independence Corp., 311 U.S. 282, 61 S.Ct. 229, 85 L.Ed. 189.

420

We set dates for the filing of briefs and a day for argument, July 25, 1951. Prior to that date, on July 13, 1951, the plaintiffs filed a Suggestion entitled a Memorandum in this court stating, inter alia, that there had been filed that day in the Court of Chancery of the State of Delaware, in and for New Castle County, an action captioned Belton, et al. v. Gebhart, et al. A copy of the complaint was annexed to the Suggestion and it is clear and not disputed that the plaintiffs in the Belton suit raise substantially the same issues and seek the same relief as the plaintiffs in the instant suits. The plaintiffs in the instant suits suggest to this court that we retain jurisdiction of the instant causes pending the disposition of the suit in the Court of Chancery. They did not by their motions expressly suggest that we stay the proceedings in this court pending the disposition of the suit in the Delaware Courts. But in open court, at the hearing, the plaintiffs and defendants stipulated that the motions to dismiss should be denied and that this court should stay the proceedings before it pending disposition of the Belton case in the Delaware Courts.

Article 10, Section 2 of the Constitution of the State of Delaware, "Education", provides in pertinent part that in the apportionment of the Public School Fund of the State of Delaware " * * * no distinction shall be made on account of race or color, and separate schools for white and colored children shall be maintained." The Act of April 3, 1929 executes this constitutional provision. It states insofar as is relevant here: "The schools provided shall be of two kinds: those for white children and those for colored children. The schools for white children shall be free for all white children between the ages of six and twenty-one years, inclusive; and the schools for colored children shall be free to all colored children between the ages of six and twenty-one years, inclusive."

 This court has jurisdiction of the parties and of the subject matter. The actions, as we have stated, are based,

inter alia, on the Fourteenth Amendment and the Third Civil Rights Act. This Act, reconstituted as R. S. Section 1979, 8 U.S. C.A. § 43, provides that "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

As we have stated, the Attorney General of Delaware has stipulated that the defendants' motion to dismiss should be denied, but jurisdiction cannot be conferred upon a United States district court by stipulation. We think we should demonstrate the reasons for our conclusion that we do have jurisdiction to entertain the instant suits. Whatever may be the impact of the decisions of the Supreme Court in Alabama Public Service Commission v. Southern Railway Co., 341 U.S. 341, 71 S. Ct. 762, on three-judge court cases involving a federal question, we are concerned here with a suit based on the Third Civil Rights Act and the deprivation of a fundamental civil right inhering in the plaintiffs. The decision of the Supreme Court in Lane v. Wilson, 307 U.S. 268, 274, 59 S.Ct. 872, 83 L.Ed. 1281, is controlling. Hague v. C. I. O., 307 U.S. 496, 507–514, 527–532, 59 S.Ct. 954, 83 L.Ed. 1423, and Douglas v. Jeannette, 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324, also are apposite. These decisions, we think, were not overruled by the Alabama Public Service Commission cases. See also Hague v. Committee for Industrial Organization, 3 Cir., 101 F.2d 774, 781, modified and affirmed in Hague v. C. I. O., supra. In the Lane case Mr. Justice Frankfurter said, 307 U.S. at page 274, 59 S.Ct. at page 875, that the basis of that suit was " * * * inequality of treatment though under color of law * * *" and that " * * * To vindicate his present grievance the plaintiff did not have to pursue whatever remedy may have

been open to him in the state courts." The language quoted is applicable here.

■ The defendants originally pointed out that a State Constitution is here involved as well as a State statute. They argued that a provision of a State Constitution, such as that here involved, may not be embraced within the language, "statute, ordinance, regulation, custom, or usage". They suggested that in A. F. of L. v. Watson, 327 U.S. 582, 66 S.Ct. 761, 90 L.Ed. 873, the Supreme Court of the United States avoided the determination of the question. The defendants' position in this respect was untenable. In the Watson case, 327 U.S. at pages 592–593, 66 S.Ct. at page 766, Mr. Justice Douglas stated: "In our view the word 'statute' in § 266 [the predecessor to Section 2281, Title 28] is a compendious summary of various enactments, by whatever method they may be adopted, to which a State gives her sanction and *is at least sufficiently inclusive to embrace constitutional provisions.*" [4]

Section 2284(5), Title 28, United States Code, provides in pertinent part: "A district court of three judges shall, before final hearing, stay any action pending therein to enjoin, suspend or restrain the enforcement or execution of a State statute or order thereunder, whenever it appears that a State court of competent jurisdiction has stayed proceedings under such statute or order pending the determination in such State court of an action to enforce the same. If the action in the State court is not prosecuted diligently and in good faith, the district court of three judges may vacate its stay after hearing upon ten days notice served upon the attorney general of the State."

■ As we have said, the plaintiffs and the defendants have stipulated that we retain the causes and stay the proceedings in this court pending the disposition of the suit in the Court of Chancery. Cf. Railroad Commission of Texas v. Pullman Company, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971, Shipman v. DuPre, 339 U.S. 321, 70 S.Ct. 640, 94 L.Ed. 877, and Spector Motor Service v. McLaughlin, 323 U.S. 101, 65 S.Ct. 152, 89 L.Ed. 101. Here the constitutional questions must inevitably be met, including a question of the constitutionality under the Federal Constitution of a provision of the Delaware Constitution. No stay in the operation of the Delaware statute has as yet been granted by the Court of Chancery. The precise questions presented, however, are of great local sensitivity and have never been decided by the Courts of Delaware. But compare the decision of the Court of Chancery in Parker v. University of Delaware, Del.Ch., 75 A.2d 225. Section 2284(5), Title 28, requires us to stay our proceedings if a stay be granted in a State court. That is a mandatory duty imposed upon us by Congress. But we may exercise our discretion and decline to proceed, even in the absence of a stay by a State tribunal if we be so moved.

■ Upon consideration of all of the elements presented by the cases at bar including the stipulation of the parties hereinbefore referred to, we conclude that we should stay the proceedings in this court pending the disposition of the State suit. We assume, of course, as we have no doubt will be the case, that the Delaware tribunals will proceed to determine the Belton case with dispatch to the end that the vexing issues presented may at long last be set at rest. The doors of this court room will remain open to the end that if the assumption made by us should fail, appropriate relief may be granted to the parties. Traffic Telephone Workers' Fed. of New Jersey v. Driscoll, D.C.N.J., 72 F. Supp. 499.

The proposed order submitted by the parties and signed by them constitutes the stipulation referred to in this opinion.

An order has been filed with this opinion denying the motions to dismiss and granting the stay.

4. Emphasis added.