## HINSDALE PAPER MFG. CO., Inc. v. NORFOLK WASTE PAPER CO. et al.

### Civ. No. 51–628.

United States District Court
D. Massachusetts.

Oct. 16, 1951.

———◆———

Robert G. Dodge, John A. Perkins, Boston, Mass., for plaintiff.

Charles Schwartz, Walpole, Mass., for defendants.

FORD, District Judge.

This is an action for breach of warranty in connection with certain sales of waste paper, brought by Hinsdale Paper Manufacturing Co. Inc., (hereinafter called Hinsdale) a New Hampshire corporation, against Norfolk Waste Paper Co., and Weenshaf Trading Corporation, both Massachusetts corporations, (hereinafter called respectively Norfolk and Weenshaf). The complaint in the present action was filed in this court on July 6, 1951. On the same day two actions were begun in the Supreme Court of the State of New York by service on the Secretary of State of New York. Those actions were brought by Norfolk against Hinsdale. Hinsdale as defendant in the New York actions has set forth counterclaims which state the same cause of action as that which it sets forth in its complaint in this action. Defendants here move to dismiss this action because of the pendency of the New York actions.

It is recognized that as a general rule the pendency of a personal action for damages in a state court does not bar the prosecution of the same cause of action in a federal court. McClellan v. Carland, 217 U.S. 268, 30 S.Ct. 501, 54 L.

Ed. 762; In re President and Fellows of Harvard College, 1 Cir., 149 F.2d 69; General Outdoor Advertising Co. v. Williams, 1 Cir., 12 F.2d 773; Boston & Maine Railroad v. Dutille, 1 Cir., 289 F. 320. There are, it is true, certain exceptional situations in which the federal courts have found it more appropriate to allow the state courts to decide cases involving determinations of state law or policy. See discussion in the Harvard College case, supra, 149 F.2d at page 72. There is no contention that this case presents such a situation. Defendants seem to concede that they are not entitled to dismissal of this action as a matter of right, but they do contend that the court has a discretionary power to dismiss an action under the circumstances presented here.

■ However, even if this court does possess such a power, this is not an appropriate occasion for the exercise of it. The reason advanced why this court should dismiss is the inconvenience and expense to the defendants of carrying on litigation in two courts at the same time. But this is not a case where plaintiff is seeking to harass defendants by bringing successive actions. All these suits were begun on the same day. The fact that there is litigation in the courts of New York is due to choice of Norfolk to bring its action there. Hinsdale had a right to prosecute its claim against defendants in this court. It should not be defeated by the fact that, having been sued at the same time in another court, it also asserted its claim in the form of a counterclaim in that action. Presumably Norfolk has an equal right to institute the New York litigation. As a result of the different choices of forum, there may be an unnecessary duplication of effort, to the expense and inconvenience of both parties. But defendants have shown no reason why this court should resolve the difficulty by denying Hinsdale its right to proceed with its action here.

■ Moreover, it appears from defendants' motion that in the New York actions there is a single plaintiff, Norfolk. In this court Hinsdale has joined Norfolk and Weenshaf as defendants. For the added reason that the parties to the litigation are not the same, the present action should not be dismissed.

Defendants' motion to dismiss is denied.